Thomas H. McCann, Esq.,
Attorney for Debtor
Bar No 601141
3 Morton St. Suite 3
Malone, NY 12953
(518) 483-5900
tmccann@thomasmccannlaw.com

## UNITED STATES BANKRUPTCY COURT

## FOR THE NORHTERN DISTRICT OF

## NEW YORK-ALBANY DIVISION

| | |
|---|---|
| In re<br><br>THERESA A. DELLAVALLE<br>Debtor.<br><br>THERESA A. DELLAVALLE<br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF EDUCATION and MOHELA**<br>Defendants. | Case No. 23-11181<br><br>Adv. Proc. No.<br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENTLOANS**<br>11 U.S.C. § 523(a)(8) |

1.

## **JURISDICTION**

The United States District Court for the District of Oregon has jurisdiction of this action

pursuant to 28 U.S.C. § 1334 because plaintiff's dischargeability complaint arises under Title 11.

2.

The United States Bankruptcy Court for the Northern District of New York has jurisdiction of this action pursuant to 28 U.S.C. § 157 and LR 2100-1 because plaintiff's complaint arose in her bankruptcy case, number 23-11181 , filed under Chapter 7 of Title 11 in this United States Bankruptcy Court for the District of Oregon.

3.

**NATURE OF CLAIM**

Plaintiff's dischargeability complaint is a core proceeding under 28 U.S.C. § 157(b)(2) and plaintiff consents to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding.

4.

Venue is proper in this district because plaintiff reside here and filed bankruptcy here.

5.

**THE PARTIES**

Theresa A. Dellavalle, the plaintiff is an individual living at 143 Averyville Lane, Lake Placid NY.

Plaintiff's educational debts to defendants are collectively referred to as her "student loans" in this complaint.

6.

Defendant United States Department of Education through its agent Defendant MOHELA is owned for Federal Guaranteed Student Loans, the sum of $78,133.00 from the plaintiff on the date of filing of the petition for relief based on Plaintiff's Credit Report

7.

This complaint's allegations are based on personal knowledge as to plaintiff's own conduct, and are made on information and belief as to the acts of others.

8..

**FACTUAL ALLEGATIONS COMMON TO ALL DEFENDANTS**

On November 20, 2023, plaintiff filed for bankruptcy protection under Chapter 7 of Title

11. Prior to the commencement of plaintiff's bankruptcy case, plaintiff owed defendants student loans.

9.

Plaintiff can't maintain a minimal standard of living if required to repay her student loans to defendants. Plaintiff lives paycheck to paycheck and has little disposable income left over each month to repay her student loans. Plaintiff has almost $80,000 in student loans and will never be able to fully amortize her student loans with defendants.

10.

Plaintiff has made all reasonable attempts to maximize her income prior to filing bankruptcy. Plaintiff is disabled and unable to work. Plaintiff's health prevents her from employment. She is currently living off her husband's social security pending resolution of her

own Social Security Disability claim.

11.

It would be unconscionable for this Court to require plaintiff to reduce her expenses further than she has already reduced them. Plaintiff can't decrease her monthly expense budget in any way. Plaintiff's expense budget is spartan, with no frivolous expenses. While the husband's home does not have a mortgage payment, given his sole monthly income of $2243.20 there are insufficient funds to maintain the household.

12.

Additional circumstances prove plaintiff's state of affairs above is likely to persist in the future. She earned her certificate as a Licensed Massage Therapist. But her disability prevents her from performing her profession. She was forced to sell eh massage therapy equipment. She has been told by her medical professionals that she will unable to return to work.

13.

Plaintiff has made good faith efforts to repay her student loans to defendants. From the time she finished school plaintiff has worked to maximize her income and minimize her expenses as alleged above. Plaintiff has applied for and was granted Income Driven Repayment Plans

14.

## CAUSE OF ACTION

### CLAIM ONE

(Determination of Dischargeability – 11 U.S.C. § 523(a)(8))

Plaintiff incorporates the above allegations by reference.

15.

Based on the allegations above, this Court should determine that excepting plaintiff's debts to defendants from discharge would impose an undue hardship on plaintiff.

**WHEREFORE**, plaintiff requests:

A. An order determining plaintiff's debts to defendants as alleged above are discharged pursuant to 11 U.S.C. § 523(a)(8) because excepting plaintiff's debts to defendants from discharge would impose an undue hardship on plaintiff under the three-prong Brunner test; and an award of costs, and

B. For other equitable relief this Court may determine is fair and just.

DATED: March 11, 2024

**RESPECTFULLY FILED,**

Thomas H. McCann, Esq.,
Attorney for Debtor
Bar No 601141
3 Morton St. Suite 3
Malone, NY 12953
(518) 483-5900
tmccann@thomasmccannlaw.com